## Richmond.

### SCOTT v. BRAME AND OTHERS.

#### November 11, 1915.

1. EVIDENCE—*Waiver or Abandonment of Lien—Burden° of Proof.*—He who claims that another has waived or abandoned an admitted lien on personal property has the burden of establishing such claim, and he can only maintain it by proof of clear and unmistakable acts indicating a purpose on the part of such other to waive or abandon.

2. EQUITY PRACTICE—*Conflicting Liens—Reference.*—In case of conflicting claims of liens on stock pledged as collateral, it is proper for the trial court to refer the case to a commissioner in chancery to take an account of the liens thereon.

Appeal from a decree of the Circuit Court of Floyd county. Decree in favor of one of the defendants. Another of the defendants appeals.

*Reversed in part.*

The opinion states the case.

*Luther G. Scott,* for the appellant.

*R. F. Tompkins, Sowder & Burwell, B. G. Howard* and *C. B. & M. H. Moomaw,* for the appellees.

KEITH, P., delivered the opinion of the court.

One Draper filed his bill in this case, in which he states that he is the owner of sixty shares of stock of the Logan Coal Company, an institution chartered under the laws of West Virginia; that prior to February 19, 1909, he deposited thirty shares of this stock as collateral security for a loan of $1,500 from the Bank of Christiansburg, Va. The note evidencing the loan was in the name of the Floyd Land Company, but

was complainant's debt, and was endorsed by S. R. Brame and others. The bill also states that he deposited the remaining thirty shares of stock as collateral for a loan of $1,500 from the First National Bank of Princeton, W. Va.; that on the 19th of February, 1909, S. R. Brame paid on behalf of complainant the sum of $700 to H. F. Scott, on the amount · owed by complainant to Scott, and the complainant executed and delivered to Brame his note for $700, and entered into a contract with Brame, dated on the 19th day of February, 1909, by which complainant gave Brame a second lien on the thirty shares of stock which was held as collateral by the Bank of Christiansburg for $20 per share, and a like lien of $20 per share on five shares of stock held by the First National Bank of Princeton, W. Va., to secure to him the payment of the $700 so paid by him to Scott, and by the same contract Scott was given a third lien on said stock for the amount complainant still owed him. This contract is filed as a part of the bill and is prayed to be so considered.

The bill is brought to ascertain the respective rights of the complainant, Brame and Scott in this stock, and to that end the plaintiff prays that an account of liens on the stock be taken; that Brame be required to account for the profits received by him on said stock; and that the complainant be allowed to redeem the stock, or that it be sold and complainant's equity of redemption ascertained in that way.

Scott answered the bill, but takes no position adverse to that of the complainant. Brame's answer goes into a detailed statement of the entire transaction, and concludes with a denial that Scott has any lien on the stock of the Logan Coal Company, and claims that he is the absolute owner of the sixty shares, having paid value for the same.

The court by its decree held that Brame bought the thirty shares of stock which were held as collateral by the Bank of Christiansburg; that Scott had abandoned his claim to a lien on the stock; and that Brame is the owner of those thirty

shares free from any claim by Draper or Scott. With reference to the thirty shares held by the First National Bank of Princeton, the court held that they were the property of Draper, subject to a lien in favor of Brame for the amount paid by him for Draper to the First National Bank of Princeton, and subject to a second lien on five shares of said stock in favor of Brame for the remaining $100 of the $700 that Brame paid Scott for Draper, as shown by the contract dated February 19, 1909, and a third lien in favor of Scott on said five shares of stock for the amount that Draper is due Scott, and that the lien of Brame against the stock should be credited with the dividends that he had received.

From this decree an appeal was awarded upon the petition of Scott, who asked that the decree be reversed in so far as it holds that Brame owns thirty shares of the stock held as collateral security by the Bank of Christiansburg free from any claim of Draper or Scott, while the defendant, Brame, assigns cross-error and asks that with respect to the thirty shares assigned to the Bank of Christiansburg the decree be affirmed, and that, in so far as it deals with the stock held by the First National Bank of Princeton, it be reversed, and that he be held the owner thereof, discharged of all liens in favor of other persons.

That Draper deposited these shares of stock as collateral security for loans, and that subject to the claim upon it by virtue of those loans the title to the stock was in him, cannot be disputed. That H. F. Scott had also an interest in the stock, subject to the claims of those having prior liens upon it, cannot be denied. Brame contends, however, that Scott had waived or abandoned his rights in the premises; but in this view we are unable to concur. Without discussing the evidence in detail, we are satisfied that it does not maintain the position of appellees. The burden of proof was upon Brame, and he could only maintain it by proof of clear and unmistakable acts indicating a purpose on the part of Scott to repudiate ownership.

Upon the whole case, we are of opinion that the court was right in referring the cause to a commissioner to take an account of the liens on the stock held by the First National Bank of Princeton, and that the same course should have been pursued with reference to the stock held as collateral security by the Bank of Christiansburg.

The decree of the circuit court will, therefore, be reversed in part and affirmed in part, and the cause remanded to be further proceeded in, in accordance with the views herein expressed.

*Reversed in part.*